Wilder, P.J.
(dissenting). I respectfully dissent.
The majority concludes that the trial court ignored the fact that defendant had received a full and unconditional pardon from his Connecticut convictions and found that defendant was precluded from seeking relief under the expungement act. I disagree with this *218 interpretation of the trial court’s ruling. The trial court noted, correctly in my view, that had defendant’s five misdemeanor convictions occurred in Michigan he would be ineligible for relief. However, ineligibility was not the basis for the trial court’s ruling on defendant’s motion. Rather, the trial court found:
Then the question becomes does it make sense to grant him relief because of the fact that the misdemeanors were in another state, irrespective of how the other state deals with erasures, set asides, expungements, pardons, whatever you want to call it.
And it seems to me that that’s [sic] kind of quirky position that the petitioner is placed in, and I have some question as to whether he should be granted relief where his petition is clearly in violation of the spirit, if not the letter, of the Michigan statute given the fact that he would not be entitled to relief had all of the convictions occurred in Michigan.
I think, that being the case, I am inclined to conclude that, in the exercise of the Court’s discretion, the petition to set aside should be denied because it seems to me it would be inappropriate to grant a petition in a situation where the spirit of Michigan law, if not a specific letter, would foreclose the relief. [Emphasis added.]
MCL 780.621(9) provides:
If the court determines that the circumstances and behavior of the applicant from the date of the applicant’s conviction to the filing of the application warrant setting aside the conviction and that setting aside the conviction is consistent with the public welfare, the court may enter an order setting aside the conviction. The setting aside of a conviction under this act is a privilege and conditional and is not a right. [Emphasis added.]
*219 I would find that the trial court appropriately exercised its discretion to determine that while defendant’s motion to set aside his conviction met the requirements of MCL 780.621(4), and that therefore defendant was eligible to have his conviction expunged under the statute, the spirit of the law and the specific circumstances presented here did not support granting defendant the privilege of having his prior conviction set aside as permitted by the statute. Accordingly, I would affirm the trial court’s order.